UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

ELIZABETH BELMONTE,                         :

        Plaintiff,                  :  Case: 1:19-cv-06158 (KPF)

   v.                                        :

CALVIN KLEIN, INC., PVH CORP., and          :
ANU SHRIMALI,

        Defendants.                 :

---------------------------------------- X

**MEMO ENDORSED**

## STIPULATION AND ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

**WHEREAS**, Plaintiff Elizabeth Belmonte ("Belmonte" or "Plaintiff") and defendants PVH Corp. ("PVH"), Calvin Klein, Inc. ("Calvin Klein") and Anu Shrimali ("Shrimali") (collectively, "Defendants") (Plaintiff and Defendants collectively referred to herein as the "parties") are presently engaged in discovery in connection with the above-caption matter;

**WHEREAS**, the parties consider certain information or documents being sought in discovery to be confidential in nature;

**WHEREAS**, the parties have agreed to this Stipulation and Order for Production and Exchange of Confidential Information (the "Stipulation") to permit their respective counsel to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information; and

**WHEREAS**, the parties wish to have this Stipulation So Ordered by the Court;

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that a producing party believes merits confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any party may designate Documents produced, or Testimony given, in connection with this action as "Confidential," by statement on the record of a deposition, or by notation on the document (for written materials designated as "Confidential"), or, if a written notation is not feasible, then by other appropriate means that includes the word "Confidential," including without limitation written advice to the respective undersigned counsel.

3. As used herein:

   a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if the designating party determines in good faith that such Documents or Testimony contain trade secrets, proprietary business or financial information, competitively sensitive information, personally sensitive information, or other information the disclosure of that would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party, that party's business or the business of any of that party's customers or clients.

   b. "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

      c. "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. A Receiving Party may notify the Producing Party that the Receiving Party does not concur in the designation of a Document, Testimony or other material as Confidential Information. If counsel for the parties cannot resolve any such disputes in good faith on an informal basis, the Receiving Party may make an application before the Court for an order declassifying such Documents, Testimony or other materials, in which case the Producing Party will bear the burden of establishing good cause for confidential treatment in accordance with Rule 26(c). If no such application is made, such Documents, Testimony or other materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      a. personnel of Plaintiff or Defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein or whose input each party in good faith believes is necessary to prosecute or defend the claims and defenses in this action and who have been advised of their obligations hereunder;

      b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein,

are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, <u>provided, however</u>, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

d. the Court and/or its employees, if filed in accordance with paragraph 13 hereof;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

f. hearing and deposition witnesses;

g. the author of the document and anyone shown on the document as having received it in the ordinary course of business;

h. duplicating or document management services retained by a party for purposes of copying documents or preparing exhibits for deposition, the hearing in this matter, or any other proceeding in this action; and

i. any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and shall not be used for any business, commercial, competitive, or personal purpose, or any other purpose whatsoever.

7. This Stipulation has no effect upon, and shall not apply to, a party's own use or disclosure of information that such party's counsel has designated as Confidential Information.

8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of **Exhibit A** attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party in advance of disclosure of the Confidential Information to such person.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of 14 days after the final transcript of said deposition is received by counsel for each of the parties. At or before the end of such 14-day period, the deposition or portions thereof shall be classified appropriately. If a party fails to designate a deposition (or portions thereof) in the required time period, that deposition or testimony will not be considered Confidential, provided that a party may later designate portions of such transcript as Confidential, subject to written notice to the other parties.

10. Should the need arise for any of the parties to disclose Confidential Information during any hearing, such party may do so only after taking such steps as the Court, upon an application of the disclosing party, deems necessary to preserve the confidentiality of such Confidential Information.

11. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information that have been designated as "Confidential Information" under the terms hereof.

12. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents that are to be stamped and treated as such at any time up to

14 days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions that are to be stamped or otherwise treated as such at any time up to 14 days after the transcript is received by counsel for the party asserting the confidentiality privilege. Before the expiration of such 14-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. If a party fails to designate any such third-party Documents or Testimony (or portions thereof) in the required time period, such Documents or Testimony will not be considered Confidential, provided that a party may later designate such Documents or Testimony (or portions thereof) as Confidential, subject to written notice to the other parties.

13. For purposes of filing Confidential Information, the parties agree to comply with the procedures for filing documents under seal as in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

14. All information subject to confidential treatment in accordance with the terms of this Stipulation that is in support of any appeal, including, without limitation, all papers filed in support therewith that disclose any Confidential Information, shall be filed under seal and kept under seal, unless subject to an Order of the Court to the contrary.

15. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature as provided in paragraphs 2 and/or 13 of this Stipulation, may be so designated by the party asserting the

confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Extracts, synopses, copies and summaries of Confidential Information shall be treated as confidential in accordance with the provisions of this Stipulation.

18. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

19. This Stipulation is entered into without prejudice to the right of any party hereto to seek relief from, or modification of, this Stipulation or any provisions thereof by application to the Court.

20. This Stipulation and its provisions shall continue to be binding after the conclusion of this matter, absent prior written consent of both parties.

21. Nothing herein shall be deemed to waive any claim of privilege, work product, or other claim of confidentiality recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure, whether in this case or in any other federal, state or other proceeding.  This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

22. If information subject to a claim of attorney-client privilege, work product and/or any other privilege or ground cognizable by law is inadvertently produced to a party at any time during the course of this matter, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege or ground to which the Producing Party would otherwise be entitled.

23. Within sixty (60) days after the final termination of this matter and, if applicable, exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything herein to the contrary, counsel of record for the parties may retain documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. Disputes regarding enforcement of this Stipulation following conclusion of this matter shall be brought before the state and/or federal courts of the State of New York located in the Borough of Manhattan.

Dated: June 8, 2020

| **STEVENSON MARINO LLP** | **DLA PIPER LLP (US)** |
|---|---|
| By:   /s/ Justin R. Marino<br>Justin R. Marino<br>75 Maiden Lane, Suite 402<br>New York, New York 10038<br>Phone: (212) 939-7228<br>Fax: (212) 531-6129<br>Email: jmarino@stevensonmarino.com<br><br>*Attorneys for Plaintiff* | By:  */s/ Brian S. Kaplan*<br>Brian S. Kaplan, Esq.<br>Edward C. Rooker, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: (212) 335-4500<br>Fax: (212) 335-4501<br>Brian.Kaplan@dlapiper.com<br>Edward.Rooker@dlapiper.com<br><br>*Attorneys for Defendants* |

```
The Court endorses the parties' proposed protective order with the provisos
that the Court and its staff are not bound by the terms of said order and
that the Court retains jurisdiction to adjudicate any disputes regarding
violations of the order only for the pendency of the litigation.
```

```
Dated:    June 9, 2020             SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE